UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

MARYBELLE CHANDLER,         )
                                    )
            Plaintiff,       )
                                    )
         v.              )         3:13-cv-200-WGH-WTL
                                    )
MEETINGS & EVENTS        )
INTERNATIONAL, INC.,      )
                                    )
           Defendants.

# FINAL JURY INSTRUCTIONS

**Final Instruction No.  1**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.   Now I will instruct you on the law.

You have two duties as a jury.   Your first duty is to decide the facts from the evidence in the case.   This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.   You must follow these instructions, even if you disagree with them.   Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.   Do not allow sympathy, prejudice, fear, or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Final Instruction No.   2**

In this case, the Defendant, MEI, is a corporation.   All parties are equal before the law.   The Defendant is entitled to the same fair consideration that you would give any individual person.

**Final Instruction No.   3**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.   A stipulation is an agreement between both sides that certain facts are true.   You must accept those facts as proved.

**Final Instruction No.   4**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Final Instruction No.   5**

Certain things are not to be considered as evidence.   I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.   This includes any press, radio, Internet, or television reports you may have seen or heard. Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence.   Lawyers have a duty to object when they believe a question is improper.   You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.   Their purpose is to discuss the issues and the evidence.   If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Final Instruction No.   6**

[Intentionally omitted.]

**Final Instruction No.   7**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists.   In law we call this "inference."   A jury is allowed to make reasonable inferences.   Any inference you make must be reasonable and must be based on the evidence in the case.

## Final Instruction No. 8

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago, and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Final Instruction No.   9**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.   You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.   You need not accept the testimony of the larger number of witnesses.

**Final Instruction No.   10**

You may consider statements given by any of the parties or by a witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different.   If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Final Instruction No.   11**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:   When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

The term "proof beyond a reasonable doubt" is a stricter standard that applies in criminal cases.   It does not apply in civil cases such as this.   You should, therefore, put it out of your minds.

## Final Instruction No. 12

In this case, Plaintiff claims that she was not rehired by Defendant in retaliation for and because she filed a charge of discrimination.

To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant did not rehire her because she filed the charge of discrimination.   To determine that Plaintiff was not rehired because she filed a charge of discrimination, you must decide that Defendant would have rehired Plaintiff if she had not filed a charge of discrimination, but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff.   However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

**Final Instruction No.   13**


In deciding Plaintiff's claim, you should not concern yourselves with whether Defendant's actions were wise, reasonable, or fair.   Rather, your concern is only whether Plaintiff has proved that Defendant did not reinstate her employment because she filed a charge of discrimination.

**Final Instruction No. 14**

If you find that Plaintiff has proved her claim against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.   Plaintiff must prove her damages by a preponderance of the evidence. If you find that Plaintiff has failed to prove her claim, then you will not consider the question of damages.

**Final Instruction No. 15**

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork.   This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits.   The court will calculate and determine any damages for past or future lost wages and benefits.   You should consider the following types of compensatory damages, and no others:

1.   The physical and mental or emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental or emotional pain and suffering has been or needs to be introduced.   There is no exact standard for setting the damages to be awarded on account of pain and suffering.   You are to determine an amount that will fairly compensate Plaintiff for the injuries she has sustained.

2.   Any loss, other than past lost pay, caused by Defendant in Plaintiff's future earning capacity.

**Final Instruction No. 16**


I remind you that your duty is to decide this case without bias, sympathy, or prejudice for or against either side.   Your duty is to weigh the evidence carefully and to apply the law in these instructions to the facts as you find them.

**Final Instruction No.   17**

Upon retiring to the jury room, select one of your members as your foreperson.   The foreperson will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

[Form of verdict read.]

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in the verdict form and date it.

When you wish to return your verdict, you will notify the bailiff.

**Final Instruction No.   18**

The verdict must represent the considered judgment of each juror.   Any verdict, whether for Plaintiff or for Defendant, must be unanimous.

You should make every reasonable effort to reach a verdict.   In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.   Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong.   But you should not surrender your honest beliefs about the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

You should give fair and equal consideration to all the evidence, and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are the impartial judges of the facts.   Your sole interest is to ascertain the truth from the evidence in the case.

**Final Instruction No.   19**

From now until you are discharged, you must remain together in a group, and in the charge of the bailiff.   During your deliberations, you are not to talk with anyone other than your fellow jurors.   If you need anything (other than food or refreshments or other accommodations) the only proper way to communicate with the court is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the bailiff.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.   You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

No member of the jury may ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching on the merits of the case except in writing, or orally here in open court.   Remember that you have already heard all of the evidence in this case and you have all of the law applicable to this case in these instructions.   Therefore, it is unlikely

that I would be able to answer any questions about the evidence or the law in this case.

You will notice from the oath about to be taken by the bailiff that she too, as well as all other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person — not even to the court — how the jury stands, numerically or otherwise, on the questions before you until after you have reached a unanimous verdict.