UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MARYBELLE CHANDLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MEETINGS & EVENTS )<br>INTERNATIONAL, INC., )<br>)<br>Defendants. ) | 3:13-cv-200-WGH-WTL |

**ORDER ON PLAINTIFF'S REQUEST FOR LIQUIDATED DAMAGES**

This matter is before me, William G. Hussmann, Jr., United States Magistrate Judge, by Consent of the parties, Filing No. 59, Filing No. 60, and on the Order of Reference issued by District Judge William T. Lawrence on August 28, 2015, Filing No. 61.

### I.   Introduction

The issue of liability and legal damages for a claim of retaliation under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(d), was tried by a jury on October 13 and October 14, 2015. The jury found the Defendant liable, and awarded Plaintiff Sixty-Eight Thousand Dollars ($68,000) in compensatory damages. Filing No. 84. On November 9, 2015, a hearing was held on the issue of equitable damages. After the parties presented their

1

evidence and argument, the Court explained what its likely award of back pay would be and the calculations used to arrive at this number.[1]

At the hearing, the Plaintiff requested, as part of her relief, liquidated damages. Plaintiff argued that a finding of retaliation necessarily showed willful violation of the ADEA, making an award of liquidated damages appropriate. Defendant disputed this interpretation of the law. The parties were ordered to brief this issue of Plaintiff's eligibility for liquated damages. The matter is now fully briefed. Filing No. 91. Filing No. 92. Filing No. 93.

## II.     Analysis of the Law

This case concerns a finding of retaliation for filing a charge of age discrimination with the Equal Employment Opportunity Commission (EEOC), but this case does not concern a finding of actual age discrimination. A plaintiff may be awarded different damages under a finding of retaliation as opposed to a finding of discrimination. For instance, Plaintiff was eligible for a compensatory damage award from the jury in this case, but she would not have been had this been a case of age discrimination itself. *See e.g. Pfeifer v.*

---

[1] Immediately following this hearing, I realized a mathematical error was made in the calculations, and contacted the parties to explain this error. While at the November 9th hearing I said that the likely back pay award would be $60,940, I should have stated the number as $56,854. This error arose because, in coming to the $60,940 number, I included a four-month time period from June 24, 2015, until the hearing's November 9th date. I determined that by the end of June 2015 there was a position filled by MEI that Plaintiff should have been hired for but for the retaliation found. The person that MEI did hire for the position at the end of June was paid a salary of $31,200. One third of that was $10,400. I included this entire amount in my calculation of the total back pay award. However, this number should have been reduced by the amount of the Plaintiff's mitigation at her new job during that same time period. As I understand it, at this new and current job, Plaintiff earned $11.50 per hour for 20 hours per week (or $230/week).  If I use one-third of a year (17.33 weeks) times $230, I find that the Plaintiff further mitigated by the sum of $4,086. This amount should have been deducted from the $10,400. Accounting for this, the proper amount of back wage owed is $56,854.

*Essex Wire Corp.,* 682 F.2d 684, 68-688 (7th Cir. 1982); *Moskowitz v. Trustees of Purdue Univ.,* 5 F.3d 279, 283-284 (7th Cir. 1993) (both finding compensatory damages are not available under the ADEA, except for in the case of a retaliation claim).

It seems undisputed that the relevant standard for an award of liquidated damages in this case is a finding of willfulness. What is at issue then, is whether the jury's finding of retaliation is synonymous with concluding there was a willful violation of the ADEA. If the violation is determined to be willful, the court may award liquidated damages. 29 U.S.C. § 626(b) ("liquidated damages shall be payable only in cases of willful violations of this chapter"). Since we are here concerned with retaliation under the ADEA, we must look to the ADEA's standard of willfulness.

Willfulness under the ADEA exists when a defendant *knowingly or recklessly disregards* the Age Discrimination in Employment Act. It is not enough that Defendant was aware that it was engaging in age discrimination. *See* *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 616-617 (1993); *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 134-135 (1988); *Appelbaum v. Milwaukee Metro. Sewerage Dist.,* 340 F.3d 573, 582 (7th Cir. 2003); *Price v. Marshall Erdman & Associates, Inc.,* 966 F.2d 320, 324 (7th Cir. 1992) ("A defendant's negligent mistake concerning the lawfulness of her conduct does not suffice to make that conduct 'willful,' but a reckless mistake, in the criminal law sense of indifference to whether the conduct violates the law, does.").

3

### III.     Defendant's Argument

Firstly, Defendant claims that Plaintiff has waived her right to request liquidated damages and that, even if she has not, she is not entitled to them under the law. Plaintiff failed to include any mention of liquidated damages in the Updated Special Damage Statement, <u>Filing No. 79</u>, prepared as ordered by the Court at the final pretrial conference on September 30, 2015. This document was ordered to include an itemized list of all damage categories Plaintiff sought. This Damage Statement did indicate an intent to seek pre-judgment interest. As a result, the jury was also never asked to make any determination about Defendant's knowledge or willfulness.

Setting aside the waiver argument, Defendant further argues that case law shows the willfulness at issue is distinct from a finding of retaliation and requires its own finding in order for any liquidated damage award to be merited. While Plaintiff cites *Rose* as support for the claim that liquidated damages is automatically awarded after a finding of retaliation under the ADEA, Defendant argues this is a misreading of the case. <u>*Rose v. Hearst Magazines Div., The Hearst Corp.,* 814 F.2d 491 (7th Cir. 1987)</u>. Defendant argued that while "these cases[2] stand for the proposition that a separate charge or instruction may be unnecessary to determine whether retaliation was willful in retaliatory discharge cases, dependent upon the facts of the case[, t]he cases do not stand for the proposition that liquidated damages are

---

[2] Here, Defendant is referring specifically to: *Rose v. Hearst Magazines Div., The Hearst Corp.*, 814 F.2d 491 (7th Cir. 1987); *Lilley v. BTM Corp.*, 958 F.2d 746, 754 (6th Cir. 1992).

automatic or mandated in retaliation cases irrespective of whether the fact-finder found willfulness." Filing No. 91 at EFC p. 7 (footnote added). Rather, Defendant claims, *Rose* is an old case that has been criticized and questioned, with courts recognizing "[i]n questioning the reach of *Rose,* courts have recognized that a two-tiered liability scheme is more appropriate and requires separate findings of 'retaliation' and 'willfulness.'" Filing No. 91 at EFC p. 3. The result of the Court's decision in *Rose* was a remand for retrial of the retaliation issue, not presuming the retaliation finding must have been willful. *Rose,* 814 F.2d at 493. Defendant argues it would be improperly invading the province of the jury for us to assume "willfulness" here.

Further, Defendant argues that the standard for what constituted a willful violation of the ADEA was different as applied in *Rose*. In *Rose*, the standard was whether the employer "knew or reasonably should have known that its violations were in violation of the law." See Coston v. Plitt Theatres, Inc., 860 F.2d 834 (7th Cir. 1988) (overruling the "knew or should have known" standard set forth in *Syvock v. Milwaukee Boiler Mfg. Co.,* 665 F.2d 149 (7th Cir. 1981)). Defendant argues that courts now use a higher standard, which arose after *Rose*, requires a showing that "the employer . . . knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 126 (1985).

### IV.    Plaintiff's Argument

Plaintiff has argued that the jury's finding of retaliation by the Defendant necessarily means that the Defendant's violation of the ADEA was willful and

that she has in no way waived the right to seek these damages. <u>Rose,</u> 814 F.2d at 493 ("the juries' inconsistent response of a finding of retaliation as well as a finding of nonwillfulness by the defendant are irreconcilable"). Plaintiff points out that liquated damages have been requested in Plaintiff's Complaint, <u>Filing No. 1</u>, Initial Disclosures, Statement of Special Damages, and Amended Complaint, <u>Filing No. 27</u>. The Updated Statement of Special Damages that Defendant points to as the source of their waver was a supplement prepared at the order of the Court to address Plaintiff's updated amounts of lost wages and mitigation efforts. <u>Filing No. 79</u>. Additionally, Plaintiff argues that liquidated damages do not even fall under the category of Special Damages, so were in no way required in the final document. <u>Filing No. 91 at EFC p 5</u>.

      Plaintiff insists that the Seventh Circuit is clear that retaliation is necessarily consistent with a finding of willfulness under the ADEA. Plaintiff cites to *Thurston*, *Rose*, *Burger*, and *Peterson* to support this claim. <u>Thurston, 469 U.S. 111</u>; <u>Rose,</u> 814 F.2d 491; <u>Burger v. International Union of Elevator Constructors Local No. 2,</u> 498 F.3d 750, 752 (7th Cir. 2007); <u>Peterson v. Apostolic Christian Home of Roanoke, Inc.,</u> No. 1:11-CV-1212, 2013 WL 5770562, at *3 (C.D. Ill. Oct. 24, 2013). Plaintiff is correct that *Peterson* says "the vast majority of courts now conclude that liquidated damages are mandatory upon a finding of willfulness without expressly saying so. <u>Peterson, 2013 WL 5770562, at *3</u>. Further, Plaintiff claims it is no issue that the jury was not separately asked about the willfulness of the retaliation, saying that "Seventh Circuit case law is clear that the jury does not have to be instructed

6

on the issue of 'willfulness' for Plaintiff to receive an award of liquidated damages." Filing No. 91 at EFC p 4.

### V.     Application of Law to the Present Case

In reviewing the law and its developments, I determine that Plaintiff's reading of the case law is correct; a finding of retaliation is inherently a finding of willfulness. And a willful violation of the ADEA entitles Plaintiff to an award of liquidated damages. 29 U.S.C. § 626(b). Despite *Thurston*'s rejection of a single-tier liability system for retaliation claims, Thurston, 469 U.S. at 126, it seems that is what the more recent precedent has gravitated towards. *Rose,* 814 F.2d at 493; *Burger,* 498 F.3d at 754; *Peterson,* 2013 WL 5770562, at *3-4.

I am reluctant to find that Plaintiff has waived her right to request liquidated damages. Plaintiff included an intent to seek liquidated damages in Plaintiff's Complaint, Filing No. 1, Initial Disclosures, Statement of Special Damages, and Amended Complaint, Filing No. 27. Failure to include liquidated damaged in Plaintiff's Updated Statement of Special Damages, Filing No. 79, is not enough for waiver.

Defendant also suggests that Plaintiff might have waived her right to liquidated damages by failing to ensure the jury was asked about willfulness. I do not find that this constitutes waiver either. Firstly, having concluded that willfulness is an inherent part of retaliation, I find it would be unnecessary for the jury to be asked a separate question regarding the willfulness of Defendant's violation. Having answered that there was retaliation in this case, the case law indicates that the jury has also inherently returned a finding of a

willful violation of the ADEA. Additionally, the parties both agreed that the Court and not the jury would decide the issue of equitable issue of back pay. The jury was not asked about back pay by mutual request of the parties. As this equitable award was left to the Court to decide, it is reasonable that—without any indication otherwise—the Court would also be left to decide liquidated damages, which can only be calculated after a back pay amount is determined.

As there has been no waiver, I will proceed to the merits of Plaintiff's request for liquidated damages. This issue, it seems, has already been decided by the jury verdict. My review of current Seventh Circuit case law has persuaded me that an award of liquidated damages is necessary after the jury returned a verdict finding retaliation. *Rose*, 814 F.2d at 493 ("retaliation is inconsistent with a finding of non-willful discrimination"); *Burger*, 498 F.3d at 754 ("because the jury found in favor of Burger on the retaliation count, the total back wages will be subject to doubling by the district court"); *Peterson*, 2013 WL 5770562, at *3 ("the vast majority of courts now conclude that liquidated damages are mandatory upon a finding of willfulness").

Liquidated damages under the ADEA are to equal the amount of back pay awarded. 29 U.S.C. § 626(b); *Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1210 (7th Cir. 1989). As Plaintiff has been awarded Fifty-Six Thousand Eight Hundred Fifty-Four Dollars ($56,854) in back pay, so she will now be awarded an additional Fifty-Six Thousand Eight Hundred Fifty-Four Dollars ($56,854) in liquidated damages.

8

As liquidated damages have been awarded, I decline to award pre-judgment interest. This would constitute an unfair and duplicative award.

## VI. Conclusion

For the foregoing reasons, I find that Plaintiff is entitled to liquidated damages. Thus, Plaintiff's request for an award of liquidated damages is **GRANTED**.

Thus, an Entry of Final Judgment may now be entered for the Plaintiff. Defendant will be liable for the jury award of Sixty-Eight Thousand Dollars ($68,000) and the back pay award of Fifty-Six Thousand Eight Hundred Fifty-Four Dollars ($56,854). The liquidated damage award is the same as the back pay award, for an additional Fifty-Six Thousand Eight Hundred Fifty-Four Dollars ($56,854). This brings the total due from Defendant to Plaintiff to One-Hundred Eighty-One Thousand Seven Hundred Eight Dollars ($181,708).

**SO ORDERED** the 11th day of December, 2015.

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Served electronically on all ECF-registered counsel of record.**