UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MARYBELLE CHANDLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:13-cv-200-WGH-WTL |
| | ) | |
| MEETINGS & EVENTS | ) | |
| INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES**

This matter is before me, William G. Hussmann, Jr., United States Magistrate Judge, by Consent of the parties, Filing No. 59, Filing No. 60, and on the Order of Reference issued by District Judge William T. Lawrence on August 28, 2015, Filing No. 61.

The issue of liability and legal damages for a claim of retaliation under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(d), was tried by a jury on October 13 and October 14, 2015. The jury found the Defendant liable and awarded Plaintiff Sixty-Eight Thousand Dollars ($68,000) in compensatory damages. Filing No. 84. After a hearing on the issue of back pay, the Court awarded Fifty-Six Thousand Eight Hundred Fifty-Four Dollars ($56,854). After both parties briefed the issue, Filing No. 91, Filing No. 92, Filing No. 93, the Court also awarded liquidated damages of Fifty-Six Thousand Eight Hundred Fifty-Four Dollars ($56,854). The Plaintiff now motions for an award of attorney fees pursuant to Fed. R. Civ. P. 54(d)(2) and LR 54-1 in the

total amount of Thirty-Eight Thousand Seven Hundred Forty Dollars ($38,740). The matter is fully briefed. Filing No. 97. Filing No. 98.

Defendant requests that the Court exclude from this total amount proposed by Plaintiff "all fees associated with Plaintiff's unsuccessful claims for race and age discrimination that predated the preparation and filing of Plaintiff's Motion for Leave to Amend her Complaint and a percentage reduction of all fees accrued thereafter related to the unsuccessful claims." Filing No. 98 at EFC p. 5.

The Court agrees with Defendant on this limiting point. Attorney fees should not be awarded for work done on the unsuccessful age and race discrimination claims. This reduction can be accomplished by the simple limitation of including work done immediately preliminary to the filing of the Amended Complaint alleging retaliation and all that came after it, with some exceptions. The work done by Plaintiff's counsel responding to the Summary Judgment Motion must be excluded from the attorney-fee award because that work was in regard to claims that were unsuccessful.

Plaintiff's attorneys have done a clear and thorough job documenting their work descriptions and time spent regarding each task. This makes the Court's job much simpler. All of the work performed by Andrew Dutkanych was in service of the Amended Complaint for retaliation. Therefore, his entire fee request of Ten Thousand Six Hundred Eighty-Seven Dollars and Fifty Cents ($10,687.50) is awarded.

With regard to Benjamin Aylsworth, his work done in relation to the retaliation claim begins on May 19, 2014 (Depo. Prep., deposition of T. Hall) onward with the exception of his work pertaining to the unsuccessful Motion for Summary Judgment. The work done before May 19, 2014 includes a total of Thirty-Eight and Four Fifths (38.8) Hours, which the Court excluded from the Attorney Fee award. The work done regarding the unsuccessful Motion for Summary Judgment consists of Thirty-Four and One Quarter (34.25) total Hours from November 4, 2014 (Reviewing SJ filing, email corr. w/opposing counsel) to December 15, 2014 (SJ Response/review/scan exhibits/review Depos./E-file response) and from January 29, 2015 (Begin SJ Reply) to February 3, 2015 (Draft Reply/ E-file w/Court).

In total then, the Court excludes Seventy-Three and One Twentieth (73.05) Hours of Benjamin Aylsworth's Hours, leaving a total of Eighty-Seven and One Quarter (87.25) Hours of his work that is included in the Attorney Fee award. At a rate of One Hundred Seventy-Five Dollars ($175) per Hour, this leaves a total of Fifteen Thousand Two Hundred Sixty-Eight Dollars and Seventy-Five Cents ($15,268.75) of Attorney Fees to be awarded for the work done by Benjamin Aylsworth.

The Court finds a total of Ten Thousand Six Hundred Eighty-Seven Dollars and Fifty Cents ($10,687.50) for the work done by Andrew Dutkanych and Fifteen Thousand Two Hundred Sixty-Eight Dollars and Seventy-Five Cents ($15,268.75) for the work done by Benjamin Aylsworth shall be

awarded.[1] This brings the total attorney fees owed by Defendant to Twenty-Five Thousand Nine Hundred Fifty-Six Dollars and Twenty-Five Cents ($25,956.25).

The Court hereby **GRANTS IN PART** the Plaintiff's Motion for Attorney Fees and **ORDERS** an award of Twenty-Five Thousand Nine Hundred Fifty-Six Dollars and Twenty-Five Cents ($25,956.25) by Defendant.

**SO ORDERED** the 7th day of January, 2016.

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Served electronically on all ECF-registered counsel of record.**

---

[1] Defendant has not argued that the rates charged by counsel are improper, or that hours should be reduced because there was undue duplication of services.